UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MITCHEL EUGENE LUNSFORD, JR.,         )<br>                                                                )<br>                     Plaintiff,        )<br>                                                                )<br>vs.                                                          )<br>                                                                )<br>CAROLYN COLVIN, ACTING              )<br>COMMISSIONER OF THE SOCIAL   )<br>SECURITY ADMINISTRATION,          )<br>                                                                )<br>                     Defendants.    )<br>_____) | C/A NO.: 4:13-CV-2272-TER<br><br><br>ORDER |

This matter is before the Court upon motion of Plaintiff's counsel for attorney's fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 44.[1] Counsel seeks an award of $7,122.50. Id. The Commissioner does not oppose the request for attorney's fees. Dkt. No. 45.

Under 42 U.S.C. § 406(b), an attorney who successfully represents a plaintiff in a Social Security disability claim under Title II of the Social Security Act may be awarded a "reasonable fee" for representation before the court. 42 U.S.C. § 406(b)(1)(A). The fee may not exceed 25% of the total past-due benefits to which the claimant is entitled due to a favorable judgment. Id. When a fee is awarded pursuant to 42 U.S.C. § 406(b), "no other fee may be payable or certified for payment" to the attorney. Id.

In view of the fact that Social Security claims are usually litigated on a contingency fee basis, the Supreme Court has stated that Section 406(b) "calls for court review of such arrangements as an

---

[1] Counsel originally filed a motion for Section 406(b) attorney's fees on May 5, 2015 (Doc. # 39). Subsequently he filed an amended motion on July 28, 2015. (Doc. # 44). The amended motion is granted as addressed herein. The initial motion should be deemed moot in light of the subsequent filing.

independent check, to assure that they yield reasonable results in particular cases." <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). Within the twenty-five percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." <u>Id</u>. When considering the reasonableness of a fee, the Court stated that a reduction may be appropriate (1) on the basis of "the character of the representation and the results of the representative achieved," (2) where the attorney was responsible for delay during the pendency of the case before the court, and (3) where "the benefits are large in comparison to the amount of time counsel spent on the case." <u>Id</u>. at 808.

In reviewing the petition in light of the factors to be considered in awarding attorney's fees in a social security case, the court finds that an award of $7,122.50 is reasonable. <u>See Gisbrecht v. Barnhart</u>, 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) ("[Section] 406(b) calls for court review of [contingency fee agreements] as an independent check, to assure that they yield reasonable results in a particular case").

Plaintiff was previously awarded $3,663.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Dkt. No. 38. Fees may be awarded under both the EAJA and Section 406(b), "but the claimant's attorney must 'refund to the claimant the amount of the smaller fee.' " <u>Gisbrecht</u>, 535 U.S. at 796. Plaintiff's attorney shall, as he submits he will in his Motion for Attorney's Fees, refund to Plaintiff the $3,663.00 awarded pursuant to the EAJA after he receives the payment of the Section 406(b) fees in the amount of $7,122.50.

## CONCLUSION

For reasons set forth above, the court finds that the amount sought is reasonable. Accordingly, the court GRANTS the motion of Plaintiff's counsel brought pursuant to 42 U.S.C. §

406(b) and ORDERS that Plaintiff's counsel be awarded $7,122.50 in attorney's fees. Plaintiff's counsel shall return $3,663.00 previously awarded under the EAJA to Plaintiff.

    IT IS SO ORDERED.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 24, 2015
Florence, SC